STONE, Judge.
The appellant’s conviction and sentence are reversed. The defendant attempted to withdraw his no contest plea to first degree murder prior to the court’s final and formal acceptance of the plea.
*127 The record reflects that, at the time of the initial colloquy, it was not clear whether the plea was or would be accepted by the court. After first indicating that the plea would be accepted, the court made several statements indicating that more would be done with respect to the plea prior to, and at, the sentencing hearing before the court would be satisfied that the defendant knew what he was doing. These statements included the court’s advising defense counsel “you might want to go some more on the colloquy, touch some bases and make sure that’s what he wants to do.” The court also stated that it may have had some other questions to satisfy the court that the defendant [knowingly] entered the plea, “that he is doing it freely and voluntarily and that he understands what he is doing....” The court further indicated that the state may have some questions to propound at the subsequent hearing, “so we know that he knows [what] he is doing.”
Therefore, pursuant to Florida Rule of Criminal Procedure 3.172(f) the defendant had an absolute right to withdraw the plea prior to its being formally accepted.
HERSEY, C.J., and GLICKSTEIN, J., concur.